UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:18-cv-00799-CHB

*Electronically Filed*

| | |
|---|---|
| TATEM TUNGATE, as ADMINSTRATRIX of the ESTATE of JOSHUA RANDALL COCHRAN and as GUARDIAN of R.S., a minor | PLAINTIFF |
| v. | **NOTICE OF REMOVAL** |
| ALLEGHENY TECHNOLOGIES INCORPORATED | DEFENDANT |

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Comes the defendant, Allegheny Technologies Incorporated ("Allegheny"), by counsel, and pursuant to 28 U.S.C. § 1446(a), hereby files this Notice of Removal. As grounds for removal of this action, Allegheny states as follows:

1. On October 23, 2018, the plaintiff, Tatem Tungate, as Adminstratrix of the Estate of Joshua Randall Cochran and as Guardian of R.S., a minor ("Plaintiff"), commenced this civil action against Allegheny in the Marion Circuit Court, designated therein as Civil Action No. 18-CI-00239. True and complete copies of the process, pleadings, and orders served upon and filed by all parties in this action are attached as Exhibit 1. Allegheny was served with the summons and complaint in this matter on November 15, 2018.

2. The plaintiff is a natural person who is now, was at the commencement of this action, and has been at all relevant times, a citizen and resident of the Commonwealth of Kentucky. Plaintiff is not now, was not at the commencement of this

action, and has not been at any relevant time, a citizen or resident of the State of Delaware or the Commonwealth of Pennsylvania.

3. The plaintiff's decedent was at the time of his death a citizen and resident of the Commonwealth of Kentucky. The Plaintiff's decedent was not at the time of his death a citizen or resident of the State of Delaware or the Commonwealth of Pennsylvania.

4. The plaintiff's infant is now, was at the commencement of this action, and has been at all relevant times, a citizen and resident of the Commonwealth of Kentucky. The plaintiff's infant is not now, was not at the commencement of this action, and has not been at any relevant time, a citizen or resident of the State of Delaware of the Commonwealth of Pennsylvania.

5. The defendant Allegheny is now, was at the commencement of this action, and has been at all relevant times a corporation incorporated by, and organized and existing under the laws of the State of Delaware. Allegheny now has, did have at the commencement of this action, and has at all relevant times had its principal place of business in the Commonwealth of Pennsylvania. A corporation "is a citizen of every state where it has been incorporated or has its principal place of business." Schwartz v. Elec. Data Sys., Inc., 913 F.2d 279, 282 (6th Cir. 1990). Allegheny does not now have, did not at the commencement of this action have, and has not at any relevant time had its principal places of business in the Commonwealth of Kentucky.

6. For examination under the requirements of 28 U.S.C. § 1332, Plaintiff is now, was at the commencement of this action, and has been at all relevant times a citizen of the Commonwealth of Kentucky. For that same examination, Allegheny is now, was at the commencement of this action, and has been at all relevant times a

citizen of the State of Delaware and the Commonwealth of Pennsylvania. Accordingly, there is complete diversity of citizenship between Plaintiff and Allegheny.

    7.    This is a civil action where the matter in controversy more likely than not exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states. In her Complaint, Plaintiff seeks an unspecified amount of damages based on allegations that Joshua Randall Cochran "sustained injuries in the accident which caused or contributed to his death; [that he] incurred physical and mental pain and suffering prior to his death; that his power to labor and earn money was permanently destroyed; that medical expenses, funeral expenses and costs to administer his estate were incurred[;]" and that R.S., a minor, "will be denied the right to the services, assistance, consortium, love and affection of her father, Joshua Randall Cochran[.]" (Complaint, Exh. 1., ¶¶ 12-13). In addition, Plaintiff seeks an unspecified amount in punitive damages. (Id. at ¶ 14). Based upon Allegheny's good faith belief and upon a fair reading of all pleadings and attachments, the amount in controversy more likely than not exceeds the sum of $75,000.00, exclusive of interest and costs. See Salling v. Budget Rent-A-Car Sys., 672 F.3d 442, 443 (6th Cir. 2012) ("We have held that a defendant seeking removal must prove, by a preponderance of the evidence, that jurisdictional requirements have been met."); see also Egan v. Premier Scales & Sys., 237 F.Supp.2d 774, 776 (W.D.Ky. 2002) (finding that the defendant had satisfied its burden to show the amount in controversy exceeded $75,000 where the complaint failed to specify the amount of damages sought and the defendant relied upon the types of claims to establish the amount in controversy); see also McGraw v. Lyons, 863 F.Supp. 430, 434 (W.D. Ky. 1994) (stating that "even where the amount of damages is not specified, if Defendant is able to ascertain from a fair reading of the

complaint . . . that the minimum jurisdictional amount exists, he cannot 'sit idly by' while the statutory period runs.'").

8. This is an action over which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332. This action is removable to this District Court pursuant to 28 U.S.C. § 1441(a). This District and Division constitute the appropriate forum to which this action should be removed. The Marion Circuit Court is within the Louisville Division. *See* LR 3.1(b)(1).

9. Venue is vested in this Court pursuant to 28 U.S.C. § 1391 since this is a civil action where jurisdiction is founded on diversity of citizenship and the events complained of occurred in the Western District of Kentucky.

10. Pursuant to 28 U.S.C. § 1446, this Notice of Removal is filed within thirty days of Allegheny's receipt of service of the summons and complaint from which it could first be ascertained that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See Plaintiff's Complaint, Exh. 1.

11. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal will be promptly given to the adverse parties, and a copy of this Notice of Removal will be filed with the Marion Circuit Clerk. A copy of the notice to the Marion Circuit Clerk is attached as Exhibit 2.

Accordingly, this action is hereby removed from the Marion Circuit Court to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted,

STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky  40507
(859) 231-3000
(859) 253-1093 facsimile

By: /s/ Palmer G. Vance II
　　　Palmer G. Vance II
　　　Gene.Vance@skofirm.com
　　　Lindsey L. Howard
　　　Lindsey.Howard@skofirm.com

COUNSEL FOR DEFENDANT,
ALLEGHENY TECHNOLOGIES
INCORPORATED

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed with the Court's ECF system on December 6th, 2018, which serves an electronic copy to each party in the case who is registered as an electronic case filing user with the Clerk, including the following:

　　　James L. Avritt, Jr.
　　　Avritt & Avritt
　　　P.O. Box 671
　　　Lebanon, KY 40033
　　　judgejla@yahoo.com
　　　COUNSEL FOR PLAINTIFF

　　　/s/ Palmer G. Vance II
　　　COUNSEL FOR DEFENDANT,
　　　ALLEGHENY TECHNOLOGIES
　　　INCORPORATED